ALTENBERND, Judge,
Concurring.
In the early evening hours of February 20, 2008, someone broke into Edward O’Reilly’s recreational vehicle and beat him severely. Proof concerning this crime was limited because Mr. O’Reilly was both asleep and intoxicated when the perpetrator or perpetrators entered his vehicle, and no other person was present in the vehicle.
As explained in the court’s opinion, there was a group of men who had been drinking at the RV park that afternoon. Billy Graham and Cleveland Hanks were in that group. After the beating, Mr. O’Reilly could recall that Mr. Graham was *919 one of the perpetrators of the aggravated battery and also recalled that Mr. Hanks was in his eyesight when he saw a big bolt of light and passed out, apparently because someone had hit him on his head.
In May 2008, the State charged Mr. Hanks with this aggravated battery, both as the primary defendant and as a principal. In January 2009, the information was amended to eliminate the theory that Mr. Hanks was a principal. The evidence at trial did not establish that Mr. Hanks was a principal to the beating that Mr. Graham committed on Mr. O’Reilly. Thus, I agree that the trial court erred in instructing the jury on a theory that was neither charged nor proven. I write primarily to explain that the evidence was sufficient, albeit barely sufficient, to prove that Mr. Hanks had entered the vehicle and was the person who struck Mr. O’Reilly, causing the “bolt of light.” Thus, we are remanding for a new trial where Mr. Hanks is tried exclusively for the charges filed against him and in which the jury is instructed on only those theories supported by the evidence presented at trial.